UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MARK HOGAN, *et al.*,

        Plaintiffs,

  -against-              7:11-cv-0754 (LEK/ATB)

COUNTY OF LEWIS, NEW YORK, *et al.*,

        Defendants.

## MEMORANDUM-DECISION and ORDER

**I. INTRODUCTION**

Plaintiffs Mark Hogan and Susan Hogan (collectively "Plaintiffs") commenced this action arising out of an ongoing property dispute and ensuing hostility between Plaintiffs and their neighbors on Hiawatha Lake in Lewis County, New York. See generally Dkt. Nos. 1 ("Complaint"); 4 ("Amended Complaint"); 87 ("Supplemental Complaint"). In a March 2015 Memorandum-Decision and Order, the Court dismissed all of Plaintiffs' claims against Defendants David Vandewater ("Vandewater"), Russell Falter ("Falter"), and Kathy Wilson ("Wilson"), except for Plaintiffs' interference with easement and private nuisance claims. Dkt. No. 236 ("March Order"). The Court dismissed all claims against Defendants County of Lewis, New York, Ryan Lehman, Brett Croneiser, Leanne Moser, and Caleb Petzoldt. Id. The Court also dismissed all claims against Defendant Frank Rose ("Rose") except for Plaintiffs' private nuisance and loss of consortium claims. Id.

Several Motions are presently pending before the Court. Vandewater has filed a Motion to remand Plaintiffs' interference with easement and nuisance claims to the state court that created the easement and to clarify the scope of the remaining nuisance claim, and Plaintiffs have filed a

Response. Dkt. Nos. 245 ("Motion to Remand"); 269 ("Plaintiffs' Opposition to Remand"). Plaintiffs have filed a Motion for reconsideration of the March Order with respect to the dismissal of Plaintiffs' claims under 42 U.S.C. § 1982 against Defendants Vandewater, Falter, Rose, and Wilson. Dkt. No. 248 ("Motion for Reconsideration"); see also March Order. Each Defendant has filed a separate Response in opposition. Dkt. Nos. 263 ("Vandewater Opposition to Reconsideration"); 265 ("Rose Opposition to Reconsideration"); 267 ("Falter and Wilson Opposition to Reconsideration"). Additionally, Defendants Falter and Wilson have filed a Motion to remove their names from the caption and Plaintiffs have filed a Response in Opposition. Dkt. Nos. 256 ("Motion to Amend Caption"); 261 ("Opposition to Amend Caption"). Finally, Defendants have filed separate Motions requesting a stay of trial, and Plaintiffs have filed a Response opposing this request and seeking a motion in limine and sanctions against Defendants. Dkt. Nos. 270 ("Vandewater Stay Request"); 271 ("Rose Stay Request"); 272 ("Falter and Wilson Stay Request"); 273 ("Plaintiffs' Opposition to Stay Request"). Defendants also filed separate Letter Motions in response to Plaintiffs' Opposition. Dkt. Nos. 274 ("Vandewater Reply"); 276 ("Rose Reply").[1] The Court presumes the parties' familiarity with the facts and history of this case, and recites only those facts necessary to the resolution of the pending Motions.

## II. MOTION TO REMAND

### A. Subject Matter Jurisdiction

In July 2014, Vandewater filed a Motion for summary judgment, requesting that Plaintiffs'

---

[1] The Letter Motions are styled as "requests for a reply"; however, the Letter Motions present Defendants' reply arguments. See Vandewater Reply; Rose Reply. Therefore, the Court has construed them as impermissible reply briefs under Local Rule 7.1. N.D.N.Y. L.R. 7.1. Accordingly, the Letter Motions are stricken from the docket.

2

claims against him be dismissed in their entirety. Dkt. No. 171. The Motion was granted in part but denied with respect to Plaintiffs' claims for interference with easement and private nuisance. Mar. Order. Vandewater now seeks to have the interference with easement claim remanded to the Lewis County Supreme Court, which created the subject easement in West v. Hogan v. Vandewater. Mot. Remand at 2. Vandewater argues that since Plaintiffs' federal causes of action have been dismissed and the only remaining issue in this case involves conflicting interpretations of the scope of the easement, there is no continuing basis for federal subject matter jurisdiction. Id. at 2-3. Although Plaintiffs still meet the residential requirements for diversity jurisdiction, Vandewater contends that Plaintiffs' remaining damages do not meet the $75,000.00 threshold. Id. at 3.

As a general matter, "subject matter jurisdiction can never be waived or forfeited." Kisner v. Bank of America, No. 13-CV-1325, 2013 WL 5839855, at *2 (N.D.N.Y. Oct. 29, 2013). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see also Cincinnati Ins. Co. v. Excelsior Ins. Co., No. 14-cv-1481, 2015 WL 93654, at *4 (N.D.N.Y. Jan. 6, 2015) (Kahn, J.) (remanding case where complete diversity was not satisfied); Cowan v. Windeyer, 795 F. Supp. 535, 537 (N.D.N.Y. 1992) (remanding case involving easement conflict after finding that amount in controversy was not satisfied). The argument that a federal court lacks subject-matter jurisdiction may be raised at any stage in litigation, even after trial and the entry of judgment. Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006).

As a preliminary matter, Plaintiffs are correct that 28 U.S.C. § 1447 does not apply to the present case because this action was originally filed in federal court. See Opp'n to Remand at 1; Compl. Remand under § 1447 is only appropriate where a case has been removed to federal court

3

after having been initiated in state court. See generally 28 U.S.C. § 1447. Accordingly, should the Court find that it no longer has subject matter jurisdiction, the more appropriate action would be to dismiss the case in its entirety and instruct Plaintiffs to commence a new action in state court. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

In the present case, the Court no longer has subject matter jurisdiction under 28 U.S.C. § 1331, because all of Plaintiffs' claims arising under federal law have been dismissed. See Mar. Order. However, Plaintiffs purport that their remaining state law claims satisfy the requirements of diversity jurisdiction under 28 U.S.C. § 1332. Opp'n to Remand at 2. Diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Vandewater concedes that Plaintiffs satisfy the residential requirement for diversity jurisdiction. Mot. Remand at 3.

The party invoking diversity jurisdiction has the burden of showing that there is a "reasonable probability" that the claim is in excess of $75,000.00. Scherer v. Equitable Life Assur. Soc'y of the United States, 347 F.3d 394, 397 (2d Cir. 2003). Generally, the "face of the complaint is a good faith representation of the actual amount in controversy, and a party opposing diversity jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional amount." Id. In the present case, Plaintiffs seek $5,000,000.00 in compensatory damages, and $10,000,000.00 in punitive damages. Supp. Compl. at 22. There is a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy. Wolde-Meskel v. Vocational Instruction Project Comm. Serv., 166 F.3d 59, 63 (2d Cir. 1999). "[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the

4

claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Ocean Ships, Inc. v. Stiles, 315 F.3d 111, 115 (2d Cir. 2002).

Vandewater argues that Plaintiffs no longer satisfy the amount in controversy because many of their claims have been dismissed and the "value of the lots to which the easement leads is less than $20,000.00." Mot. to Remand at 3. Vandewater offers no further analysis and fails to meet his burden of showing to a legal certainty that Plaintiffs' claims are really for less than the jurisdictional amount. Moreover, the amount in controversy is measured as of the date the complaint is filed because "[o]nce jurisdiction has attached, it cannot be ousted by subsequent events." Scherer, 347 F.3d at 397. "Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-90 (1938); see also Wolde-Meskel, 166 F.3d at 63 (noting that a subsequent ruling that reduces the amount recoverable is distinct from the proposition that the amount claimed was never in controversy). Accordingly, although Plaintiffs' recovery may in fact be less than $75,000 as a result of several of their claims having been dismissed, for the purpose of evaluating diversity jurisdiction, Plaintiffs have adequately pleaded damages in excess of $75,000.00. Therefore, the Court may properly exercise diversity jurisdiction over Plaintiffs' remaining state law claims.

**B. Nuisance Claim**

Vandewater also requests that the Court clarify the scope of Plaintiffs' surviving nuisance claim and remand the nuisance claim to state court. Mot. Remand at 1. He contends that Plaintiffs' private nuisance claim should be limited to the acts and omissions Plaintiffs alleged in connection

with the easement created in the West action, and should be remanded along with Plaintiffs' interference with easement claim. Id. at 1-3. In the March Order, the Court stated that "there exists a genuine issue of material fact with respect to the precise location of the easement. Accordingly, the Court must reject Vandewater's argument that Plaintiffs' private nuisance claim fails as a matter of law for lack of possession of the requisite property right." Mar. Order at 15. Contrary to Vandewater's argument, the March Order did not limit Plaintiffs' private nuisance claim. Rather, the Court found that there existed a genuine issue of material fact with respect to the precise location of the easement, which was necessary to resolve before ruling on Plaintiffs' private nuisance claim. Id. Nothing in the March Order can be interpreted to limit the scope of Plaintiffs' private nuisance claims, nor has Vandewater made a compelling argument as to why the Court should narrow the scope of the nuisance claim prior to trial. Additionally, for the reasons stated previously, the Court finds that remand of Plaintiffs' nuisance claim is inappropriate.

## II. MOTION FOR RECONSIDERATION

On July 15, 2015, Plaintiffs filed a Motion for reconsideration of the Court's March Order with respect to the dismissal of Plaintiffs' claims under 42 U.S.C. § 1982 against Defendants Vandewater, Rose, Falter, and Wilson. Mot. Recon. In the March Order, the Court stated that it was aware of no authority "that § 1982 protects an individual's right to 'use and enjoyment' of her property free from interference by private actors." Mar. Order at 26-28. Plaintiffs argue that reconsideration is warranted because many district courts broadly construe § 1982's "to hold" language to include the right to use one's property. Mot. Recon. at 4.

Defendants argue that Plaintiffs' Motion for reconsideration is untimely. Vandewater Opp'n to Recon. at 2; Rose Opp'n to Recon. at 2; Falter and Wilson Opp'n to Recon. at 5. The March

Order was issued on March 26, 2015. Mar. Order. Plaintiffs did not file the present Motion until July 15, 2015. Mot. for Recon. Under Local Rule 7.1(g), "a party may file and serve a motion for reconsideration or reargument no later than fourteen days after the entry of the challenged judgment, order, or decree. N.D.N.Y. L.R. 7.1(g) (emphasis omitted). Plaintiffs' Motion was filed over three months after the March Order was issued and is therefore untimely.[2]

### III. MOTION TO CORRECT CAPTION

Falter and Wilson argue that the caption should be amended to reflect the fact that all claims against them have been dismissed, and to also reflect the fact that several Plaintiffs no longer have an interest in any of the remaining claims. Mot. Amend Capt. at 2-3. Plaintiffs oppose this request, on the basis that the request contravenes Federal Rule of Civil Procedure 15, there is no authority for allowing a party to amend the caption mid-litigation, and that the Motion constitutes an impermissible and untimely motion for reconsideration. See generally Opp'n to Amend Capt.

Falter and Wilson cite no authority, and the Court is aware of none, allowing defendants to amend the caption mid-litigation where all claims against those particular defendants have been dismissed. Rather, courts generally only allow a party to amend the caption where the party seeks to add an additional defendant, or substitute a named defendant for an unknown party. Compare Christiana Bank & Trust Co. v. Dalton, No. 06-CV-3206, 2009 WL 4016507, at *5 (E.D.N.Y. Nov. 17, 2009) (granting motion to amend caption to replace John Doe defendants with named

---

[2] Plaintiffs styled their Motion as a motion for reconsideration of the minutes of the May 27, 2015 status conference. See Mot. Recon. However, Plaintiffs' Motion has nothing to do with the May 27, 2015 status conference, as Plaintiffs seek reconsideration of the Court's March Order. See id. Even if Plaintiffs' Motion were related to the minutes of the May 27, 2015 status conference, the Motion was still filed outside the fourteen-day time limit imposed by Local Rule 7.1(g) and is therefore untimely.

defendants), with Browning Debenture Holders' Comm. v. DASA Corp., 81 F.R.D. 407, 413 (S.D.N.Y. 1978) (denying defendant's request to amend caption to remove his name after all claims against him had been dismissed on the basis that to do so would be confusing and was unnecessary). While the Court understands that Falter and Wilson may wish to be disassociated from this case, the Court is unable to grant their Motion to amend the caption. Moreover, the presence of Falter and Wilson's names in the caption in no way indicates that there are active claims against these Defendants.

**IV.    MOTION TO STAY**

Trial in the present case is currently scheduled to begin on February 2, 2016. See Dkt. No. 243. Vandewater has filed a Request to stay trial pending the outcome of a recently filed state court action in New York Supreme Court, Lewis County. Vandewater Stay Req. The state court action seeks clarification as to the location of Plaintiffs' rear property line on Lot 22. Id. at 1. Vandewater argues that since Plaintiffs' private nuisance and interference with easement claims necessarily depend on the outcome of the pending real property action in state court, trial should be stayed until the property boundary is determined by the state court. Id. at 1-2. Defendants Rose, Falter, and Wilson submitted their own respective Requests to stay, arguing that staying the trial pending the outcome of the state proceeding will narrow and focus the issues to be tried, advance judicial economy, and avoid the potential for inconsistent results. Rose Stay Req. at 1; Falter and Wilson Stay Req. at 1.

Plaintiffs oppose the Requests to stay and argue that the state court action is "vexatious litigation" designed to circumvent the Court's March Order. Opp'n to Stay at 1-2. Plaintiffs were not served with the complaint in the state court action until October 21, 2015. Id. at 1. In the state

court proceeding, Defendants introduced a new survey, the Frymire survey, which conflicts with the previously submitted Moncrief survey.³ Id. at 1. Plaintiffs contend that the introduction of this new survey, along with the commencement of a new action in state court at this late stage in the litigation, is an impermissible attempt to undermine the Court's previous rulings and to further delay trial. Id. at 2.

Federal courts have a "virtually unflagging obligation" to exercise their jurisdiction. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). However, a federal court may decline to exercise jurisdiction where there is a pending state court proceeding, if one of several categories of abstention applies. See, e.g., Younger v. Harris, 401 U.S. 37, 43-53 (1971) (finding abstention appropriate where there is a pending state criminal proceeding); Burford v. Sun Oil Co., 319 U.S. 315, 317-34 (1943) (finding abstention appropriate to avoid interference with attempts to establish coherent state policy and issues of peculiarly local concern); R.R. Comm'n v. Pullman Co., 312 U.S. 496, 498-501 (1941) (finding abstention appropriate to avoid unnecessary resolution of a constitutional issue that might be mooted by state court construction of a state law). Colorado River abstention applies to cases that do not fit neatly within the traditional abstention categories. Colorado River, 424 U.S. at 817-18. Colorado River abstention is appropriate where "state and federal courts exercise concurrent jurisdiction simultaneously."

---

³ The Court declines Plaintiffs' invitation to rule on the admissibility of the Frymire survey at this time, as Defendants have not yet sought to introduce the Frymire survey as evidence in the pending case. Opp'n to Stay at 2. Although Plaintiffs have styled their Response to the Requests to Stay as a motion in limine, the Response primarily addresses Plaintiffs' arguments in opposition to a stay of trial, rather than the admissibility of the Frymire survey. Accordingly, Plaintiff's motion in limine is denied, with the opportunity to renew should Defendants seek to introduce the Frymire survey in the federal action. Moreover, the Court does not find that Defendants have acted with such bad faith in bringing the state action as to justify the imposition of sanctions against them.

Burnett v. Physician's Online, 99 F.3d 72, 76 (2d Cir. 1996). When creating the doctrine, the Supreme Court recognized that although a pending state court action does not generally bar proceedings involving the same matter in a federal court, a federal court may dismiss a federal suit for "reasons of wise judicial administration" where there are "exceptional" circumstances. Colorado River, 424 U.S. at 818. However, the Court cautioned that abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it" and that "[a]bdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve a countervailing interest." Id. at 813.

To determine whether abstention under Colorado River is appropriate, a district court must weigh the following factors, "with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983). The factors consist of the following: "(1) the assumption of jurisdiction by either court over any res or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction." Vill. of Westfield v. Welch's, 170 F.3d 116, 122 (2d Cir. 1999). The parties did not address the Colorado River factors in their respective briefings.

Turning to the first factor, the present case does involve jurisdiction over property. This factor thus weighs in favor of the stay. See De Cisneros v. Younger, 871 F.2d 305, 307 (2d Cir. 1989) (finding that jurisdiction over a res or property weighs in favor of abstention). The second factor, the inconvenience of the federal forum, weighs in favor of exercising jurisdiction. Where the

federal court is "just as convenient" as the state court, that factor favors retaining the case in federal court. Youell v. Exxon Corp., 48 F.3d 105, 113 (2d Cir. 1995). Here, the parties have been litigating in federal court since 2011, when the case was commenced. Plaintiffs, who are residents of Virginia, have repeatedly expressed their preference to resolve this matter in federal court. Moreover, the argument that the parties would have to litigate in both federal and state courts if the district court did not abstain is of no merit, "as federal courts consider abstaining under Colorado River only in cases where there are concurrent and simultaneous federal and state proceedings." Vill. of Westfield, 170 F.3d at 122. Therefore, this factor weighs in favor of exercising jurisdiction.

The third factor, the order in which jurisdiction was obtained, does not depend on the sequence in which the cases were filed, "but rather in terms of how much progress has been made in the two actions." Moses H. Cone Mem'l Hosp., 460 U.S. at 21. The state court action was commenced in October 2015, over four years after the federal action was commenced. Moreover, trial in the federal case is expected to begin in February 2016. Accordingly, the third favor weighs in favor of exercising jurisdiction.

The fourth factor, the avoidance of piecemeal litigation, weighs in favor of exercising jurisdiction. While the actual property boundary is an issue that will need to be resolved in both the state and federal proceeding, it is extremely unlikely that the recently commenced state court proceeding would resolve the issue before the trial scheduled in the federal action. Moreover, the "mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction." Colorado River, 424 U.S. at 816.

The fifth factor, whether state or federal law supplies the rule of decision weighs in favor of the stay. All of Plaintiffs' federal causes of action have been dismissed, and state law supplies the

11

rule of decision for all remaining claims. However, "although the presence of federal issues strongly advises exercising federal jurisdiction, the absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex." Vill. of Westfield, 170 F.3d at 124. The claims remaining involve relatively straightforward state law issues, and the Court is not aware of any particularly novel or complex issues that would justify abstention.

Turning to the sixth and final factor, the Court must consider whether the "parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." Moses H. Cone Mem'l Hosp., 460 U.S. at 28. The Supreme Court has cautioned that "[i]f there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all." Id. This factor is "more important when it weighs in favor of federal jurisdiction." Bethlehem Contracting Co. v. Lehrer/McGovern, Inc., 800 F.2d 325, 328 (2d Cir. 1986). This factor weighs decisively in favor of federal jurisdiction, as the parties have litigated this case in this forum for over four years and Defendants only recently commenced this action, just months before the federal action was scheduled for trial. Accordingly, the Court finds that under Colorado River, granting Defendants' Requests for stay is unwarranted, and the Court will continue to exercise its jurisdiction over this matter.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant David Vandewater's Motion (Dkt. No. 245) to remand is **DENIED**; and it is further

**ORDERED**, that Defendants Falter and Wilson's Motion (Dkt. No. 256) to amend the caption is **DENIED**; and it is further

**ORDERED**, that Plaintiffs' Motion (Dkt. No. 248) for reconsideration is **DENIED**; and it is further

**ORDERED**, that Defendants Vandewater, Rose, Falter, and Wilson's stay Requests (Dkt. Nos. 270-272) are **DENIED**; and it is further

**ORDERED**, that Plaintiffs' First Motion (Dkt. No. 273) in limine is **DENIED** without prejudice; and it is further

**ORDERED**, that Defendants Vandewater and Rose's Letter Motions (Dkt. Nos. 274 and 276) and Plaintiffs' Letter Motion (Dkt. No. 275) in response to the stay Requests are **STRICKEN** from the docket as impermissible reply briefs pursuant to Local Rule 7.1; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:	December 16, 2015
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge