IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MARK HOGAN; ELIZABETH M. HOGAN; MARK HOGAN and ELIZABETH M. HOGAN as Guardians and o/b/o their minor children, J.H. and I.H.; DENNIS B. OKUDINANI as Guardian and on behalf of D.O.,

*Plaintiffs,*

vs.

COUNTY OF LEWIS, NEW YORK, SERGEANT RYAN LEHMAN, in his individual and official capacity; DEPUTY BRETT CRONEISER, in his individual and official capacity; DAVID VANDEWATER; FRANK ROSE; RUSSELL FALTER; KATHY WILSON; LEANNE MOSER, in her individual and official capacity as District Attorney for The County of Lewis, New York; CALEB PETZOLDT, in His individual and official capacity as an Assistant District Attorney for the County of Lewis, New York; and JOHN DOE(S) and JANE DOE(S),

*Defendants.*

---

Civil Action No. 7:11-CV-754 (DNH) (ATB)

---

MEMORANDUM OF LAW SUBMITTED ON BEHALF OF DEFENDANT DAVID VANDEWATER IN SUPPORT OF HIS MOTION IN LIMINE

---

Mark D. Goris, Esq.
Attorney for David Vandewater
5 Mill Street
Cazenovia, New York 13035
(315) 815-5092

## **TABLE OF CONTENTS**

|  | Page No. |
|---|---|
| TABLE OF AUTHORITIES……………………………………………… | iii |
| PRELIMINARY STATEMENT…………………………………………….. | 1 |
| FACTUAL BACKGROUND…………………………………………….. | 2 |

ARGUMENT

    I.    TO THE EXTENT THEY ARE BASED OR RELY UPON ALLEGED OCCURRENCES, ACTS OR EVENTS PRIOR TO JULY 1, 2008, PLAINTIFFS' CLAIMS, PURSUANT TO CPLR §214 ARE BARRED BY THE STATUTE OF LIMITATIONS AND PLAINTIFFS MUST BE PRECLUDED FROM INTRODUCING EVIDENCE AND TESTIMONY REGARDING SAID ALLEGED ACTS, OCCURRENCES AND/OR EVENTS……………………..     4

    II.    TO THE EXTENT THEY ARE BASED OR RELY UPON ALLEGED ACTS, OCCURRENCES AND/ OR EVENTS THAT WERE, OR COULD HAVE BEEN, SUBJECT MATTER IN THE WEST V. HOGAN V. VANDEWATER STATE COURT ACTION, PLAINTIFFS MUST BE PRECLUDED FROM INTRODUCING EVIDENCE AND TESTIMONY REGARDING SAID ALLEGED ACTS, OCCURRENCES AND/OR EVENTS, BASED UPON THE DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL…………     5

    III.    AS STEPHEN MONCRIEF WAS NOT DISCLOSED AS AN EXPERT WITNESS, PURSUANT TO FED. R. CIV. P. 37 ( C )(1), PLAINTIFFS MUST BE PRECLUDED FROM HAVING HIM GIVE EXPERT TESTIMONY………………………………………………     6

    IV.    AS DRS. GUY VAN SYCLE, DODD SIMMS AND BEN KITTREDGE WERE NOT DISCLOSED AS EITHER EXPERT OR LAY WITNESSES, PURSUANT TO FED. R. CIV. P. 26 (a)(1) AND 37 ( C)(1) PLAINTIFFS MUST BE PRECLUDED FROM HAVING THEM GIVE EITHER LAY OR EXPERT TESTIMONY……………....     7

    **V. AS PLAINTIFFS CLAIMS FOR PHYSICAL, EMOTIONAL, MENTAL AND PSYCHOLOGICAL INJURIES AND DAMAGES HAVE BEEN DISMISSED, PURSUANT TO FED. R. EVID. 401, 402 & 403, PLAINTIFFS MUST BE PRECLUDED FROM INTRODUCING EVIDENCE AND TESTIMONY REGARDING RELEVANT ONLY TO THOSE CLAIMS**……………………………………….. 8

CONCLUSION…………………………………………………………… 9

# TABLE OF AUTHORITIES

**Cases** — Page No.

*Barklee 94 LLC v. Oliver*, 124 AD3d 459 [1st Dept. 2015]………………………… 4

*Brown v. Lockwood*, 76 AD2d 721, 737 [2d Dept. 1980]………………………….. 5

*Cippitelli v. Town of Niskayuna*, 203 AD2d 632, 634 [3d Dept. 1994]…………… 4

*Doin v. Champlain Bluffs Dev. Corp.*, 68 AD3d 1605 [3d. Dept. 2009]………….. 8

*Guzzardi v. Perry's Boats, Inc.*, 92 AD2d 250 [2d. Dept. 1983]…………………… 8

*Pilatich v. Town of New Baltimore*, 100 AD3d 1248, 1249 [3d Dept. 2012]……… 4

*Reilly v. Reid*, 45 NY2d 24 [1978]………………………………………………….. 5

**Statutes**

CPLR §214……………………………………………………………………………… 1, 4

Fed. R. Civ. P. Rule 37………………………………………………………………… 1, 6

Fed. R. Evid. 401……………………………………………………………………… 1, 8

Fed. R. Evid 402 ……………………………………………………………………… 1, 8

Fed. R. Evid 403……………………………………………………………………… 1, 8

F. R. Civ. P. Rule 26……………………………………………………………………. 6, 7

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of defendant, David Vandewater's motion in limine, seeking an Order: 1) pursuant to CPLR §214 precluding plaintiffs from introducing evidence and testimony regarding alleged acts, occurrences and events barred by the statute of limitations; 2) pursuant to the doctrines of res judicata and collateral estoppel, precluding plaintiffs from introducing evidence and testimony regarding acts, occurrences, issues and/or events that were, or could have been, subject matter in the *West v. Hogan v. Vandewater,* New York State Supreme Court action; 3) pursuant to Fed. R. Civ. P. 37 ( c ) (1), precluding the testimony of Stephen Moncrief as an expert witness; 4) pursuant Fed. R. Civ. P. 37 ( c ) (1) and Fed. R. Evid. 401, 402 and 403, precluding the testimony of Drs. Guy Van Sycle, Dodd Simms and Ben W. Kittredge, as either expert or lay witnesses; 5) pursuant to Fed. R. Evid. 401, 402 & 403, precluding plaintiffs from introducing evidence and testimony at trial regarding plaintiffs' alleged physical, mental, psychological and/or emotional injuries and damages; and for such other and further relief as the Court deems just and proper.

## **FACTUAL BACKGROUND**

The plaintiffs commenced this action by filing of their Complaint on July 1, 2011. Their action was thereafter amended/supplemented on two separate occasions. Plaintiffs' action initially included three minor children, J.H., I.H. and D.O. and contained multiple claims against defendant, David Vandewater, sounding in interference with easement; intentional infliction of emotional distress; private nuisance; negligence; gross negligence; violation of the Ku Klux Klan Act and NY Civil Rights Law; violation of plaintiffs' rights under 42 USC §§1981& 1982 and NY Civil Rights Law §40-c; and loss of consortium. (Goris Declaration, Exhibits "A", "B" & "E")

Upon completion of written discovery and depositions, defendant Vandewater moved for summary judgment, dismissing plaintiffs' action as against him, in its entirety. By Decision and Order dated March 26, 2015, this Court dismissed all of the infants' claims as against defendant Vandewater and all of the claims of plaintiffs, Mark Hogan and Elizabeth Hogan, with the exception of the interference with easement and private nuisance claims. (Goris Declaration, Exhibit "I").

As part of his written discovery, defendant Vandewater propounded Interrogatories to plaintiffs. (Goris Declaration, Exhibit "G"). Plaintiffs' responses cited multiple alleged acts, occurrences and/or events from June, 2006 to June, 2008 as the basis, at least in part, of their easement and private nuisance claims. (Goris Declaration, Exhibit "H", response #2, pp. 2-3) Plaintiffs' responses contained additional citations to alleged acts, occurrences and/or events from July, 2008 to August, 2009 as a further basis, at least in part, of their easement and private nuisance claims. (Goris Declaration, Exhibit "H", response #2, pp. 4-6) Many of these alleged

2

acts, occurrences and events were raised and adjudicated, in the *West v. Hogan v. Vandewater* State Court action. (Goris Declaration Exhibit "K", pp. 7-12; "L", pp. 176-199; "M", pp. 111-125; 204-212; 228-229; and "N", pp. 59-62; 63-69)

## ARGUMENT

### POINT I

**TO THE EXTENT THEY ARE BASED OR RELY UPON ALLEGED OCCURRENCES, ACTS OR EVENTS PRIOR TO JULY 1, 2008, PLAINTIFFS' CLAIMS, PURSUANT TO CPLR §214 ARE BARRED BY THE STATUTE OF LIMITATIONS AND PLAINTIFFS MUST BE PRECLUDED FROM INTRODUCING EVIDENCE AND TESTIMONY REGARDING SAID ALLEGED ACTS, OCCURRENCES AND/OR EVENTS**

As is set forth at greater length above, many of the acts, occurrences and events alleged by plaintiffs in support of their interference with easement and private nuisance claims, if they happened at all, occurred more than three years prior to the July 1, 2011 filing of plaintiffs' Complaint. The statute of limitations for plaintiffs' interference with easement and private nuisance claims, is three years. (*See*, CPLR §214; *Barklee 94 LLC v. Oliver*, 124 AD3d 459 [1st Dept. 2015). Damages herein are " '...only recoverable to the extent that they were sustained during the three years immediately preceding commencement' of the action (citations omitted)" (*Pilatich v. Town of New Baltimore*, 100 AD3d 1248, 1249 [3d Dept. 2012], *quoting, Cippitelli v. Town of Niskayuna*, 203 AD2d 632, 634 [3d Dept. 1994]) In light of the foregoing, plaintiffs must be precluded from introducing evidence and testimony regarding any alleged acts, occurrences and/or events that occurred prior to July 1, 2008.

## POINT II

**TO THE EXTENT THEY ARE BASED OR RELY UPON ALLEGED ACTS, OCCURRENCES AND/ OR EVENTS THAT WERE, OR COULD HAVE BEEN, SUBJECT MATTER IN THE WEST V. HOGAN V. VANDEWATER STATE COURT ACTION, PLAINTIFFS MUST BE PRECLUDED FROM INTRODUCING EVIDENCE AND TESTIMONY REGARDING SAID ALLEGED ACTS, OCCURRENCES AND/OR EVENTS, BASED UPON THE DOCTRINES OF RES JUDICATA AND/OR COLLATERAL ESTOPPEL**

As is set forth at greater length above, many of the acts, occurrences and events alleged by plaintiffs in support of their interference with easement and private nuisance claims, were, or could have been, the basis and subject matter of plaintiff's Third-Party action in the *West v. Hogan v. Vandewater* and adjudicated therein. " '[Where] the same foundation facts serve as a predicate for each proceeding, differences in legal theory and consequent remedy do not create a separate cause of action (citations omitted). ... The rule...applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action "(a) To present evidence or grounds or theories of the case not presented in the first action, or "(b) To seek remedies or forms of relief not demanded in the first action.'" (*Brown v. Lockwood*, 76 AD2d 721, 737 [2d Dept. 1980]; *see also, Reilly v. Reid*, 45 NY2d 24 [1978]) In accord with *Brown* and *Reilly*, plaintiffs must be precluded from introducing evidence and testimony at trial pertaining to alleged acts, omissions and events that occurred prior to the adjudication of *West v. Hogan v. Vandewater*, August, 2009.

## POINT III

### AS STEPHEN MONCRIEF WAS NOT DISCLOSED AS AN EXPERT WITNESS, PURSUANT TO FED. R. CIV. P. 37 ( C )(1), PLAINTIFFS MUST BE PRECLUDED FROM HAVING HIM GIVE EXPERT TESTIMONY

Plaintiffs were required, pursuant to Federal Rules of Civil Procedure Rule 26(a)(2)(A)(B)(C) & (D), to disclose any witness they intended to provide expert testimony, at least ninety (90) days prior to trial and to provide with such disclosure a written report from the expert, or a summary of the facts and opinions to which the expert was expected to testify. Moreover, the Uniform Pretrial Scheduling Order in this matter (Doc. 38) required that expert witnesses be identified and reports produced 90 days before the discovery deadline, which has long since passed. As a result of the foregoing, pursuant to Federal Rules of Civil Procedure Rule 37 ( c )(1) plaintiffs must be precluded from eliciting and/or offering expert testimony from Stephen Moncrief.

## POINT IV

### AS DRS. GUY VAN SYCLE, DODD SIMMS AND BEN KITTREDGE WERE NOT DISCLOSED AS EITHER EXPERT OR LAY WITNESSES, PURSUANT TO FED. R. CIV. P. 26 (a)(1) AND 37 ( C)(1) PLAINTIFFS MUST BE PRECLUDED FROM HAVING THEM GIVE EITHER LAY OR EXPERT TESTIMONY

The same deficiencies set forth above with respect to Stephen Moncrief, apply to Drs. Guy Van Sycle, Dodd Simms and Ben Kittredge.  Plaintiffs have never disclosed these parties as expert witnesses in this matter.  Unlike Stephen Moncrief, these parties were not identified as potential witnesses in plaintiffs' initial disclosures pursuant to Federal Rules of Civil Procedure Rule 26(a)(1).  Thus, plaintiffs must be precluded from eliciting and/or offering either expert or lay witness testimony from Drs. Van Sycle, Simms and/or Kittredge.

## POINT V

### AS PLAINTIFFS CLAIMS FOR PHYSICAL, EMOTIONAL, MENTAL AND PSYCHOLOGICAL INJURIES AND DAMAGES HAVE BEEN DISMISSED, PURSUANT TO FED. R. EVID. 401, 402 & 403, PLAINTIFFS MUST BE PRECLUDED FROM INTRODUCING EVIDENCE AND TESTIMONY REGARDING RELEVANT ONLY TO THOSE CLAIMS

In addition to identifying Drs. Van Sycle, Simms and Kittredge as witnesses, plaintiffs' Final Pretrial Disclosure (Goris Declaration Exhibit "J") signals plaintiffs' intent/desire, to produce the certified records of these parties for admission into evidence at the time of trial.

Plaintiffs' remaining claims involve injury to property. The measure of damages for these claims is diminution of the property market value or reduction of the usable or rental value of the property. (*See, Doin v. Champlain Bluffs Dev. Corp.*, 68 AD3d 1605 [3d. Dept. 2009]; *Guzzardi v. Perry's Boats, Inc.*, 92 AD2d 250 [2d. Dept. 1983]) As evidence and testimony regarding plaintiffs' medical and/or psychological care and treatment is of no probative value with respect to the measure of damages for plaintiffs' remaining claims, it is of no relevance to the issues remaining in this matter and, thus, inadmissible. (Fed. R. Evid. 401, 402 & 403) Further, said evidence and testimony is of no probative value in establishing the elements required of plaintiffs to prove private nuisance. Significantly, plaintiffs' claims for intentional infliction of emotional distress, premised upon the same alleged acts, occurrences and events that underpin their remaining. Plaintiffs' desire/intention to offer the subject records as proof of their damages, is an improper attempt to resurrect a claim previously dismissed by this Court.

## CONCLUSION

Based upon the foregoing, it is respectfully submitted that plaintiffs must be precluded from: introducing evidence and testimony regarding alleged acts, occurrences and events prior to July 1, 2008; introducing evidence and testimony regarding acts, occurrences, issues and/or events that were, or could have been, subject matter in the *West v. Hogan v. Vandewater*, New York State Supreme Court action; eliciting testimony of Stephen Moncrief as an expert witness; calling Drs. Guy Van Sycle, Dodd Simms and Ben W. Kittredge, as either expert or lay witnesses; and introducing evidence and testimony at trial regarding plaintiffs' alleged physical, mental, psychological and/or emotional injuries and damages.

Dated: February 15, 2016

Respectfully Submitted,

/s/ Mark D. Goris
Mark D. Goris, Esq.