UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK HOGAN; ELIZABETH M. HOGAN;
MARK HOGAN and ELIZABETH M. HOGAN
as Guardians and o/b/o their minor children, J.H.
and I.H.; DENNIS B. OKUDINANI as Guardian
and o/b/o D.O.,

                         Plaintiffs,

   -against-                                            7:11-CV-754 (LEK/ATB)

COUNTY OF LEWIS, NEW YORK; SERGEANT
RYAN LEHMAN, in his individual and official
capacity; DEPUTY BRETT CRONEISER, in his
individual and official capacity; DAVID VANDEWATER;
FRANK ROSE; RUSSELL FALTER; KATHY WILSON;
LEANNE MOSER, in her individual and official
capacity as District Attorney for the County of Lewis,
New York; CALEB PETZOLDT, in his individual and
official capacity as an Assistant District Attorney for
the County of Lewis, New York; and JOHN DOE(S)
and JANE DOE(S),

                         Defendants.
_____

## PLAINTIFFS' FIRST SET OF MOTIONS *IN LIMINE*

**#1**

Plaintiff seeks to preclude any and all evidence and testimony by Defendants seeking to establish any controlling depiction other then the right-of-ways as adopted by Judge Kahn in his Decision and Order, Dkt. 236, pp. 9-10.

The location of the right of way was stipulated to by Plaintiff Mark Hogan and Defendant David Vandewater and so ordered by State Supreme Court Justice Charles C. Merrell in a state court action entitled <u>West v. Hogan v. Vandewater</u>, and set forth in its final order (*See* Dkt. 189-2), which

neither party appealed on that issue. Further, Defendant Rose retained surveyor Stephen Moncrief to survey his property, who created the *only* operative survey of Defendant Rose's property line bordering Defendant Vandewater's property line, which is the property line used to place one of Plaintiffs' rights-of-ways. (Dkt. 189-2, p. 6-7). All parties, including the Defendants, have based all of their arguments on the understanding that the Stephen Moncrief survey is the operative survey of the property lines and as such is law of the case.

Defendant Rose, however, following the close of discovery, allegedly retained a surveyor, who allegedly conducted a new survey, and have disclosed, long after the discovery period has ended, new documents which purport to represent this alleged new survey, which depicts property lines contradicting the Stephen Moncrief Survey.

This alleged survey, and any other such evidence or testimony, should be precluded from this trial under Federal Rule of Evidence 402, on the basis that irrelevant evidence is not admissible. *See* Fed. R. Evid. R 402. During the entire time period involving Plaintiff's allegations, there was only one survey depicting the property lines: the Stephen Moncrief survey. Further, the state court, which included the location of the Plaintiffs' right-of-way, used the Stephen Moncrief survey for reference. (Dkt. 189-2, p. 6-7). Even if the Stephen Moncrief survey is somehow inaccurate, and Plaintiffs in no way concede this point, the Defendants have no basis to treat Plaintiff's right-of-way as located anywhere else during the relevant time period. Defendants have no basis to introduce such evidence at the trial here.

Further, Defendants should be precluded from introducing such evidence on the basis that it is unfairly prejudicial to the Plaintiffs. Plaintiffs have not had the opportunity to question the individual who created the alleged new survey, nor have Plaintiffs had *any* opportunity to conduct discovery regarding the alleged new survey, as the survey and surveyor were withheld during and

only disclosed following the close of discovery. See Pearlman v. Cablevision Sys. Corp., 2015 U.S. Dist. LEXIS 164410, 22-24 (E.D.N.Y. Dec. 8, 2015) (failure to disclose a fact witness was not harmless based upon "the prejudice that would inure to Plaintiffs if they were to proceed to trial without a deposition or discovery"). Indeed, Defendants failed to provide counsel with a copy upon demand when it was referenced in a new state court action.

#2

Plaintiffs move to add a claim for Assault on behalf of Plaintiffs John Hogan and Denny Okudinani, and a claim of Harassment on behalf of Plaintiffs John Hogan, Denny Okudinani, and I.H.. Both Plaintiff John Hogan and Plaintiff Denny Okudinani have turned 18, and as a result of tolling due to their minority status, have within 1 year to bring a claim of Assault against Defendants Vandewater and Rose. The claim of Assault is based upon the incident in which Defendants Vandewater and Rose were operating a Kubota vehicle and moving and lurching at the child Plaintiffs, causing them fear of personal injury and harm, and apprehension that such injury and harm was imminent at the hands of the Defendants.

Federal Rule of Civil Procedure 15(a)(2) permits Amendments before trial with the court's leave, and states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. § 15(a)(2).

Defendants will not suffer any prejudice by Plaintiffs' addition of a cause of action for assault, as both Plaintiffs and Defendants have already had the opportunity to conduct discovery regarding the assault, and have availed themselves of that opportunity. There was extensive deposition testimony given by Defendant Rose (189-13, p. 64-71), Defendant Vandewater (189-15, p. 70-74), Plaintiff Mark Hogan (Dkt. 189-10, p. 16-24), Plaintiff John Hogan, and Denny Okudinani

(Dkt. 189-5, p. 31-47). Further, there has been no testimony from any party that any other individual and/or witness was present during the assault, and as such, there is no harm to the Defendants with respect to their ability to identify any further witnesses to the assault.

The District Court's Decision and Order did not explicitly dismiss Plaintiff's John Hogan, Denny Okudinani, or I.H., yet have left these Plaintiff's without remedy for the wrongs that were committed against them by operation of law.

Further, allowing Plaintiffs to amend in order to bring the additional claim of Assault would conform with the principle of judicial economy. Plaintiffs John Hogan and Denny Okudinani were minors at the time of the assault, and as such, the statute of limitations was tolled on their claim of assault until they turned 18. However, their claim of Assault arose out of the same transaction and occurrence as the claims in the current litigation, and any testimony or discovery related to the claim of Assault would be entirely duplicative of the testimony and evidence presented in this matter. In accordance with the principle of judicial economy, it would benefit all parties to allow Plaintiffs to litigate all of their claims together, rather than piecemeal, merely because the Plaintiffs have only recently reached the age of majority.

Further, as the Assault is tied so intimately to Plaintiffs other causes of action to be tried in this litigation, Plaintiffs would be permitted to move to conform the pleadings to the proof to add the claim of Assault. "Federal Rule of Civil Procedure 15(b)(2) allows parties to amend their pleadings to conform to the proof received into evidence at trial. 'As a general principle, district courts should freely grant a plaintiff leave to amend the complaint." DiMare Homestead, Inc. v. Alphas Co. of N.Y., 547 Fed. Appx. 68, 69 (2d Cir. N.Y. 2013); *citing* Nakahata v. New York-Presbyterian Healthcare Sys., 723 F.3d 192, 198 (2d Cir. N.Y. 2013).

For these same reasons, the court should also allow Plaintiffs to amend to bring a claim of

Harassment on behalf of the minor and formerly minor Plaintiffs. In addition to the assault, All Plaintiffs have thororughly testified and provided documentary evidence of harassment at the hands of the Defendants. There would be no prejudice to the Defendants, as discovery has already been conducted as to the conduct involved in Plaintiffs' additional claim, and allowing Plaintiffs to do so now would conform with notions of judicial economy.

For all of these reasons, the Plaintiffs should be allowed to amend their claims to include these additional claims.

Dated: February 16, 2016

        s/ Daniel Flynn
Daniel W. Flynn, Esq.
Bosman Law Firm, LLC
*Attorneys for Plaintiffs*
3232 Seneca Turnpike, Suite 15
Canastota, NY 13032