UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK HOGAN; ELIZABETH M. HOGAN;
MARK HOGAN and ELIZABETH M. HOGAN
as Guardians and o/b/o their minor children, J.H.
and I.H.; DENNIS B. OKUDINANI as Guardian
and o/b/o D.O.,

                        Plaintiffs,

    -against-                                      7:11-CV-754 (DNH/ATB)

COUNTY OF LEWIS, NEW YORK; SERGEANT
RYAN LEHMAN, in his individual and official
capacity; DEPUTY BRETT CRONEISER, in his
individual and official capacity; DAVID VANDEWATER;
FRANK ROSE; RUSSELL FALTER; KATHY WILSON;
LEANNE MOSER, in her individual and official
capacity as District Attorney for the County of Lewis,
New York; CALEB PETZOLDT, in his individual and
official capacity as an Assistant District Attorney for
the County of Lewis, New York; and JOHN DOE(S)
and JANE DOE(S),

                        Defendants.
_____

**MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS' MOTIONS *IN LIMINE*
AND OBJECTIONS TO PLAINTIFFS' FINAL RULE 26 DISCLOSURES**

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS' FINAL RULE 26 DISCLOSURE

Defendants objections to Plaintiffs' final Rule 26 disclosure are identical or related to their arguments in their motions *in limine*. Defendants focus on whether the disclosures can be introduced at trial, and not whether they were properly disclosed pursuant to Federal Rule of Civil Procedure Rule 26. Accordingly, the Court should treat Defendants' "objections" as part of their motions *in limine*, which Plaintiff addresses below.

## PLAINTIFFS' COMBINED RESPONSE TO DEFENDANTS' MOTIONS *IN LIMINE*

## I. PLAINTIFFS ARE NOT LIMITED TO ACTS OF NUISANCE COMMITTED BY FALTER AND WILSON ON THE PLAINTIFFS RIGHT-OF-WAY BORDERING LAKE LOT 23

Defendants Falter and Wilson attempt to impermissibly narrow the Plaintiffs' private nuisance claim. Defendants interference with the Plaintiffs' property extends beyond the right-of-way which runs along the back lot line of Lake Lot 23. In Plaintiffs' Amended and Supplemental Complaint, Dkt. 87, alleges a far more broad private nuisance claim:

> "Commencing on or about 2006 and through to the current date, Defendants VANDEWATER, ROSE, FALTER and WILSON commenced a campaign to maliciously and negligently disrupt Plaintiffs' peaceful and quiet enjoyment of their property by seeking to have Plaintiffs arrested; filing false instruments and statements with law enforcement; blocking access to Plaintiffs' land and right of way; trespassing on Plaintiffs' land; seeking to intimidate, frighten, scare and deter Plaintiffs from access and/or using their property through use of threats, intimidation and force; and by conspiring with the other named Defendants to deprive Plaintiffs of their Constitutional, civil, statutory, and common law rights. Upon information and belief, all or some of Defendants' actions were motivated by an intent to discriminate against Plaintiffs because of race and/or their association with a person of color. Defendant VANDEWATER told Plaintiff MARK HOGAN that he "[doesn't] want little Niggers up here!", referring to Plaintiff D.O. and the motive for Defendants' concerted efforts to drive Plaintiffs from their property in Lewis County."

Dkt. 87, ¶ 22.

This *very* issue was raised in a motion to remand filed by Defendant Vandewater. In Judge Kahn's Decision and Order to Defendant Vandewater's motion, Dkt. 277, the Court stated:

> "Nothing in the March Order can be interpreted to limit the scope of Plaintiffs' private nuisance claims, nor has Vandewater made a compelling argument as to why the Court should narrow the scope of the nuisance claim prior to trial."

Dkt. 277, p. 6. To allow the Defendants to limit the scope through a back-door motion for reconsideration in the guise of a motion *in limine* is wholly inappropriate, and the Court should consequently DENY Defendants' motion.

Defendants argue that Plaintiff's private nuisance claim is limited to two instances where Defendants admitted to placing a steel cable across Plaintiffs' right of way. However, as set forth above this is not true, and the Court has explicitly rejected this argument. There is no lawful basis for this Court to constrain and limit Plaintiffs' evidence where Defendants' arguments have now been rejected in two motions for summary judgment as well as a motion for reconsideration. The Court should not entertain Defendants' back door attempt at arguing the issue a fourth time.

**II. THERE HAS BEEN NO DISCOVERY VIOLATIONS**

In an Demand for Interrogatories dated May 14, 2012, Defendant Rose demanded:

> "Identify with particularity each fact and document upon which you will rely to support your claim for "Private Nuisance," so far as it is asserted against Defendant Rose, including but not limited to the date, time, and location of any action or inaction by Defendant Rose, including but limited to the date, time, and location of any action or inaction by Defendant Rose that allegedly constitutes a private nuisance; the exact action or inaction alleged to constitute a private nuisance; the circumstances or facts that rendered the action or inaction a private nuisance; and the damages suffered by Plaintiffs, or any of them, as a direct and proximate cause of Defendant Rose's action or inaction."

Exhibit 7, ¶ 17. Plaintiffs responded:

> "Demand as written is overly broad and unduly burdensome. Without waiving said objection, Plaintiffs state that Defendant Rose caused and contributed to the Plaintiffs' emotional distress each and every time Defendant Rose blocked the right of way with vehicles in a concerted effort to stop the Defendants from accessing and using their property, including but not limited to, on or about April 2010, May 2010, June 2010, and July 2011; by filing criminal charges against Plaintiff mark Hogan on or about May 2010; installing motion sensitive halogen spot lights on the right of way, deliberately causing temporary blindness while using the right of way; on or about July 2012 making gorilla noises while passing by the Plaintiffs' property. Upon information and belief, Plaintiff Rose did not commit such acts against his white neighbors or those who associated with minorities."

Exhibit 8, ¶ 17. Plaintiffs were deposed in October, 2012, and Plaintiff Mark Hogan gave 3 full days of deposition testimony, on October 8, 10, and 11, 2012. Following Plaintiffs depositions, Defendant Rose then sent a letter, dated May 21, 2013, demanding that Plaintiffs supplement their responses and withdraw their objections, among other things. *See* Exhibit 9. Plaintiffs, having already provided extensive deposition testimony in October 2012 which included testimony regarding the very information Defendant Rose sought, rightly refused to withdraw their objections to Defendant's Demands. Defendant Rose thereafter took no action or otherwise sought to have Plaintiffs' objections overruled.

Defendant Rose seeks to preclude Plaintiff from introducing evidence by suggesting the Court should strike Plaintiffs' valid discovery objection. Defendant Rose's overly broad and unduly burdensome Interrogatory Demand is not cured and Defendant failed to move to resolve the issue at the discovery phase. By ignoring the evidence which Plaintiffs have repeatedly provided to the Defendants as well as evidence provided by Defendant Rose himself, Defendants seek to gain some perceived tactical advantage. As demonstrated below, Defendant Rose has never alleged or shown any prejudice, and cannot rely on the strict enforcement of Federal Rules, as rejected by the Advisory Committee:

> "The general rule governing the use of answers to interrogatories is that under ordinary circumstances they do not limit proof. Although in exceptional circumstances reliance on an answer may cause such prejudice that the court will hold the answering party bound to his answer, the interrogating party will ordinarily not be entitled to rely on the unchanging character of the answers he receives and cannot base prejudice on such reliance."

Grace v. United States, 754 F. Supp. 2d 585, 600 (W.D.N.Y. 2010); *citing* Advisory Committee Note of 1970 to Amendment of FRCP Rule 33, Moore's Fed. Practice 3d, § 33 App. 03 [2] (2010).

### A. FRCP 37(c)(1)

There has been no discovery violation. Defendant Rose first cites to Federal Rule of Civil Procedure 37(c)(1) as a basis to preclude Plaintiffs' evidence. However, by Defendant's own admission, Federal Rule of Civil Procedure 26(e)(1)(A) applies, which states that a party must supplement its Rule 26 disclosure only "if the additional or corrective information **has not otherwise been made known to the other parties** during the discovery process or in writing". Fed. R. Civ. P. § 26(e)(1)(A) (emphasis added).

Defendant seeks to preclude *all* of the evidence generated through discovery subsequent to Plaintiffs' Interrogatory responses, indiscriminately, without showing harm or prejudice. In doing so, Defendant ignores the very rule he relies on, as Defendant has already admitted that this discovery and evidence was available to him, evidence which was argued in Plaintiffs' response to Defendants' motions for summary judgment.

Defendant is *not* arguing that Plaintiff failed to disclose the information, nor that Defendant has not had ample opportunity to explore this evidence through discovery. Instead, Defendant complains that Plaintiffs did not identify each and every single instance of Defendants' interference with Plaintiffs' use and enjoyment of their property over the course of approximately half a decade

or more, including the identification of specific times, dates, and locations. Plaintiffs properly objected to this demand as overly broad and unduly burdensome, and answered to the best of their ability.

Defendant failed to seek the Courts' intervention to challenge Plaintiffs' objection, and the current argument seeking to overrule Plaintiffs' objections has therefore been waived.

The full description of each event alleged has been fully explored by the parties through extensive depositions, including Plaintiff Mark Hogan, where the Court allowed the Defendants to depose Mr. Hogan for a full 7 hours *each*, resulting in three full days of deposition for Mr. Hogan *alone*. For example, attorney for Defendant Vandewater thoroughly explored the 2009 incident in which Defendants Vandewater and Rose threatened Plaintiffs with a large Kubota machine, preventing them from leaving Plaintiffs' property, shined bright headlights at the Plaintiffs, and then proceeding to initiative a physical altercation wherein Defendant Vandewater began screaming that he didn't want "little niggers up here" and that he could do anything he wanted and the police would do nothing, while striking Plaintiff Mark Hogan, and at the same time, Defendant Rose was participating and riding in the Kubota machine, and contributing to the epithets and threats. *See* Exhibit 10.

Defendant cannot possibly argue, and in fact has not alleged, *any* actual prejudice as a result of Plaintiffs asserting their objections to Defendant's overly broad and unduly burdensome Interrogatory demand. "Failure to comply with Rule 37(c)(1) is harmless when there is no prejudice to the party entitled to the disclosure." Lebada v. New York City Dep't of Educ., 2016 U.S. Dist. LEXIS 18461 (S.D.N.Y. Feb. 8, 2016).

**B. Fed. R. Evid. §§ 401, 402**

Defendants must be reminded that their summary judgment motions have already been decided against them, and as set forth above, in ruling on Defendant Vandewater's motion to remand, the Court stated that Judge Kahn's Decision and Order did *not* limit the scope of Plaintiffs' nuisance claim. Further, contrary to Defendants' assertions, and set forth more fully below, property damage is not the sole source of damages, and physical, emotional, and punitive damages arising out of the interference with the use and enjoyment of property are recoverable.

Additionally, Defendant Rose has merely asserted generally that entire swaths of evidence, without identifying specific evidence, is supposedly unrelated in any way to Plaintiffs' private nuisance claim. This position is untenable. Evidence, including evidence of Defendants conduct resulting in physical, emotional, and mental harm, is at the very heart of this action. Defendants' motive, intent, purpose, and malice may properly reflect the mental state of the Defendants. Without a more specific identification of the evidence sought barred, there is no way for Defendant to argue that such evidence is unrelated or irrelevant to the present litigation.

### III. PLAINTIFFS ARE NOT BARRED BY THE STATUE OF LIMITATIONS FROM PRESENTING EVIDENCE PREDATING 2008

Private nuisance sounds in common law tort, and as such, is subject to the continuous tort rule. The statute of limitations for a continuous interference constituting a private nuisance may be calculated from the most recent instance in the continuous conduct. "While an action to recover damages for injury to property must be commenced within three years from the date of the injury, actions premised on a continuing nuisance involve a continuous wrong and, therefore, 'generally give rise to successive causes of action that accrue each time a wrong is committed'." Pilatich v Town of New Baltimore, 100 A.D.3d 1248, 1249 (N.Y. App. Div. 3d Dep't 2012) (internal citations

omitted); *see also* Bloomingdales, Inc. v. New York City Tr. Auth., 13 N.Y.3d 61, 66 (N.Y. 2009); Miner v. Beekman, 50 N.Y. 337, 343 (N.Y. 1872) ("private nuisances [...] are regarded as continuing injuries"). Should the finder of fact conclude that Defendants interference with Plaintiffs' use and enjoyment of their Hiawatha Lake properties was continuous, then the finder of fact may properly consider evidence prior to 2008. It is therefore improper to preclude Plaintiffs from presenting such evidence to the finder of fact.

The Supreme Court in National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002) noted that earlier acts "may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue." Id. at 112; *quoting* United States Airlines, Inc. v. Evans, 431 U.S. 553, 558 (1977); *see also* Malarkey v. Texaco, Inc., 983 F.2d 1204, 1211 (2d cir. 1993) (earlier discriminatory acts may constitute relevant background evidence).

For all these reasons, the Court should DENY Defendants' motions *in limine*.

## III. PLAINTIFFS ARE NOT PRECLUDED BY *RES JUDICATA* OR COLLATERAL ESTOPPEL

### A. Plaintiff's 2008 State Court action

Defendants argue that a state court case from 2008 prevents Plaintiffs from presenting evidence from prior to 2008 on the basis of *res judicata*/collateral estoppel. However, as is well established, *res judicata* is only available where there has been a final adjudication on the merits. *See* Matter of Kiess v. Kelly, 118 A.D.3d 595, 596 (N.Y. App. Div. 1st Dep't 2014); NAMA Holdings. LLC v. Greenberg Traurig, LLP, 62 A.D.3d 578, 578-579 (N.Y. App. Div. 1st Dep't 2009).

There has been no final adjudication of Plaintiff's 2008 action, which alleged harassment and

unlawful detention occurring in August 2008. That action currently has a trial date set for January 23, 2017. As admitted by the Defendants, the cause of action for harassment which was dismissed, was on the basis that New York does not recognize a civil cause of action for harassment. "The dismissal of a complaint for failure to state a cause of action [...] is not a final adjudication on the merits" Dollmann v Crawford, 44 Misc. 3d 1204(A), 1204A (N.Y. Sup. Ct. 2014); *see also* Andrews v. Lebis, 281 A.D. 847 (N.Y. App. Div. 1953) (a dismissal for defects in a pleading, even when no leave to re-plead is granted, is not a dismissal on the merits).

Further, as set forth by the New York Court of Appeals, "[c]ollateral estoppel comes into play when four conditions are fulfilled: '(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits'." Conason v Megan Holding, LLC, 25 N.Y.3d 1, 17 (N.Y. 2015).

Here, the issues are not identical. The question before the state court was whether the state of New York recognized a civil cause of action for harassment, which the state court answered in the negative. The court did not decide whether Defendants had engaged in the conduct alleged. That was a different issue than the one before this Court, which has already held that Plaintiffs have provided sufficient evidence to support claims of private nuisance and interference with easement. Therefore, the first precondition for collateral estoppel has not been fulfilled. Further, a finding of civil harassment is not necessary to support a valid and final judgment on the merits on Plaintiffs' claims in this action. The fourth precondition for collateral estoppel has also not been fulfilled.

For these reasons, Plaintiffs are not precluded from presenting evidence which may overlap with their allegations in the 2008 state court action, as both *res judicata* and collateral estoppel do

not apply.

### B. The West action

Defendant Vandewater argues that any cause of action which could have been brought in the West action must be precluded on theories of *res judicata* and collateral estoppel. It should be noted, first and foremost, that Defendant has failed to cite to a single portion of the West action, but has merely relied on vague assertions that anything that could have been related to the West action should be precluded.

Further, Defendant has failed to identify a final adjudication on the merits of any issues presented in the current litigation, nor has he alleged anything which would satisfy the four conditions for collateral estoppel, as identified above.

For *res judicata* to apply, "[t]he prior decision must have been (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." Wilburn v. Eastman Kodak Corp., 670 F. Supp. 2d 192, 194 (W.D.N.Y. 2009). The West action did not involve a claim for interference with easement OR a private nuisance, so Defendant cannot claim the fourth element of *res judicata* applies.

Defendant Vandewater's operative date of August 2009 is completely invalid. *Res judicata* and collateral estoppel do not apply to events which occurred after the filing of a complaint. "Res judicata will not bar a suit based upon legally significant acts occurring after the filing of a prior suit." Waldman v. Village of Kiryas Joel, 207 F.3d 105, 113 (2d Cir. 2000); Williams v. Perry, 2000 U.S. App. LEXIS 25382 at 13 (2d Cir. Oct. 6, 2000) (new facts "form a 'new cause of action that did not exist when the prior[] suit[] was brought'") (internal citations omitted); SEC v. First

Jersey Sec. 101 F.3d 1450, 1464 (2d Cir. 1996) (no res judicata bar to suit based on fraudulent acts that occurred after filing of prior suit, even though acts were part of same pattern that formed basis of first suit); Maharaj v. BankAmerica Corp., 128 F.3d 94 (2d Cir. 1997) (reversing res judicata dismissal, noting "the fact that the first and second suits involved the same parties, similar legal issues, similar facts, or essentially the same type of wrongful conduct is not dispositive."); See also Wilburn v. Eastman Kodak Corp., 670 F. Supp. 2d 192, 196 (W.D.N.Y. 2009) (concluding that "just because [defendant] was found to have done nothing unlawful before a certain date does not mean that it could not be found to have acted unlawfully after that date. Similarly, the fact that objectionable conduct that was previously found insufficient . . . does not mean that such conduct could not later intensify or escalate to the point where it could give rise to a Title VII claim."). If the Court were to find that *res judicata* or collateral estoppel applied, the operative date would be at the time Plaintiff *filed* his amended third-party complaint against Defendant Vandewater, February 19, 2008. It is of no moment to the issues of *res judicata* or collateral estoppel that the state court took 3 years to adjudicate allegations that occurred prior to the February 2008 filing.

## IV. PLAINTIFFS' DAMAGES ARE NOT LIMITED TO THE MARKET VALUE OF PLAINTIFFS' PROPERTY

Defendants argue that Plaintiffs are not entitled to seek recovery for physical, emotional or mental damages, but are merely limited to the diminution of property value caused by the Defendants nuisance. However, while Defendants cited to cases which support damages being calculated from the diminution of property value, Defendants have cited to *no* cases which support the *preclusion* of physical, emotional, mental, or punitive damages. In fact, the New York State courts have held that personal and punitive damages are available to plaintiffs in private nuisance claims. *See* Taylor

-10-

v. Leardi, 120 A.D.2d 727, 728 (N.Y. App. Div. 2d Dep't 1986) (New York Appellate Division upheld an award of emotional damages for a private nuisance claim); Doin v Dame, 82 A.D.3d 1338, 1339-1340 (N.Y. App. Div. 3d Dep't 2011) (New York Appellate Division held that damages in an intentional infliction of emotional distress claim would be duplicative of the emotional damages and punitive damages awarded for a private nuisance and trespass claim); Fernholz v Hart, 2014 N.Y. Misc. LEXIS 3292, 6-7 (N.Y. Sup. Ct. July 23, 2014) (NY Supreme Court found a private nuisance claim alleging emotional distress damages met its *prima facie* burden). Damages to persons as a result of a private nuisance as well as to property has been recognized as far back as the 1874. "Liability for private nuisance extends to **injury to the person**, as well as the lands of another". State v. Fermenta Asc Corp., 166 Misc. 2d 524, 533 (N.Y. Sup. Ct. 1995); *citing* Swords v. Edgar, 59 N.Y. 28 (N.Y. 1874); Walkowicz v. Whitney's, Inc., 178 Misc. 331 (N.Y. Sup. Ct. 1942). "[A] private nuisance is 'anything done to the hurt and annoyance of the lands, tenements or hereditaments of another,' which embraces not a mere physical injury to the realty, but **an injury to the owner or possessor** as respects his dealing with, possessing or enjoying it". Kavanagh v. Barber, 131 N.Y. 211, 213-214 (N.Y. 1892); *see also* Ackerman v. True, 175 N.Y. 353, 361 (N.Y. 1903). This is still recognized law. *See* Plainview Water Dist. v. Exxon Mobil Corp., 2006 N.Y. Misc. LEXIS 3730 (N.Y. Sup. Ct. 2006).

As Defendants have cited to no law which precludes personal or punitive damages, Plaintiffs should not be precluded from presenting such evidence.

## V. PLAINTIFFS ARE NOT PRECLUDED FROM OFFERING EVIDENCE OF MEDICAL PROVIDERS OR THE TESTIMONY OF STEPHEN MONCRIEF

Plaintiffs disclosed the identity of witness Stephen Moncrief in their initial Rule 26

disclosure. *See* Exhibit 1. Plaintiffs disclosed their treating physician witnesses Dr. Simms, Dr. Kittredge, and Dr. Van Syckle, in their response to Defendants' Interrogatories as early as 2012. *See* Exhibits 2, 3, 4. Plaintiffs then provided Defendants with duly authorized HIPPA releases to all Defendants. *See* Exhibit 5. Finally, Plaintiffs timely identified their treating physicians in their final Rule 26 disclosure. *See* Dkt. 283. Defendants have not shown any prejudice or inability to conduct discovery regarding these witnesses. Plaintiffs treating physicians have been identified as such, and there is no basis to, and Defendants have not moved, to preclude Plaintiffs' treating physicians from testifying as treating physicians, and there is similarly no basis to preclude Stephen Moncrief from testifying as a professional witness. Plaintiffs submitted an affirmation of Stephen Moncrief in opposition to Defendants motions for summary judgment without objection. *See* Exhibit 11. Further, as the <u>West</u> court noted, Stephen Moncrief is a competent surveyor and did not need to qualify as an expert in order to testify. *See* Exhibit 12. Defendants are well aware of Mr. Moncrief's qualifications and testimony. For these reasons, the Court should not preemptively limit the scope of the witnesses testimony, and should DENY Defendants' motions.

## **CONCLUSION**

For all these reasons, the Court should DENY each and every motion in limine of Defendants.

Dated: February 24, 2016

                                                        s/ Daniel Flynn
                                                        Daniel W. Flynn, Esq.
                                                        Bosman Law Firm, LLC
                                                        *Attorneys for Plaintiffs*
                                                        3232 Seneca Turnpike, Suite 15
                                                        Canastota, NY 13032